UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD LEEYOUNG KEYS,

        Petitioner,

    v.

CONNIE HORTON,

        Respondent.
_____/

Case No. 17-14110
Hon. Terrence G. Berg
Hon. R. Steven Whalen

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL OF THE HABEAS PETITION

*Pro se* prisoner Leonard Leeyoung Keys ("Petitioner") has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. This matter is now before the Court on respondent Connie Horton's motion for dismissal of the petition. ECF No. 5. Respondent maintains that Petitioner failed to comply with the one-year habeas statute of limitations, 28 U.S.C. § 2244(d). For the reasons explained below, the Court agrees that the habeas petition is time-barred and that Petitioner is not entitled to statutory or equitable tolling of the statute of limitations. Therefore,

Respondent's motion for dismissal of the habeas petition is **GRANTED**, and the habeas petition is **DISMISSED** with prejudice.

## I. BACKGROUND

Petitioner was tried before a jury in Oakland County Circuit Court, and on September 17, 2012, the jury found him guilty of assault with intent to commit murder and possession of a firearm during the commission of a felony. On October 8, 2012, the trial court sentenced Petitioner to 2 years in prison for the felony-firearm conviction and a consecutive term of 15 to 50 years for the assault conviction. The Michigan Court of Appeals affirmed the convictions and sentences on direct appeal, *People v. Keys*, No. 312801(Mich. Ct. App. Jan. 16, 2014), and on October 28, 2014, the Michigan Supreme Court denied leave to appeal. *People v. Keys*, 854 N.W.2d 875 (Mich. 2014).[1]

On October 8, 2015, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Michigan. *Keys v. Bauman*, No. 2:15-cv-00139 (W.D. Mich. Oct. 8, 2015). On December 3, 2015, while Petitioner's habeas petition remained pending in the Western District of Michigan, he filed a motion for relief from judgment in Oakland County Circuit Court.

---

[1] Justice Michael F. Cavanagh voted to grant leave to appeal.

On February 1, 2016, Petitioner voluntarily dismissed his habeas petition in the Western District of Michigan, and on February 16, 2016, the state trial court denied Petitioner's motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal because Petitioner failed to establish that the trial court erred in denying his motion for relief from judgment. *People v. Keys*, No. 333889 (Mich. Ct. App. Nov. 21, 2016). On October 3, 2017, the Michigan Supreme Court denied leave to appeal the adverse decision of the Michigan Court of Appeals. *People v. Keys,* 901 N.W.2d 884 (Mich. 2017).

Petitioner signed and dated his current petition on December 7, 2017.[2] He alleges as grounds for relief that: (1) the trial court erred in denying his motion for a directed verdict of acquittal; (2) he was denied his right to effective assistance of trial counsel; (3) the trial judge deprived him of due process by interjecting herself into the trial; (4) the prosecutor deprived him of a fair trial by engaging in substantial and

---

[2] The Clerk of the Court filed the petition on December 19, 2017. However, "[u]nder the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The Court therefore considers the habeas petition filed on December 7, 2017, the date that Petitioner signed the petition.

material misconduct; (5) the trial court's errors, counsel's ineffective assistance, and the prosecutor's misconduct resulted in cumulative error; (6) the trial court erred by permitting a taped interview to be played for the jury; (7) the prosecutor overcharged him; and (8) he was denied his Sixth Amendment right to effective assistance of appellate counsel due to counsel's deficient and prejudicial performance. ECF No. 1 PageID.5–10, 19–21.

As noted above, Respondent urges the Court to dismiss the petition as time-barred under the statute of limitations applicable to habeas petitions. ECF No. 5, PageID.30–31, 35–43. Petitioner filed objections to Respondent's motion, claiming that he was required to exhaust state remedies before filing his petition and the statute of limitations began to run 90 days after the last state-court decision, which was issued on October 3, 2017. Petitioner also asserts that the prison mailbox rule applies to post-conviction motions in state court. ECF No. 7 PageID.1011–1016.

## II. ANALYSIS

### A. AEDPA'S One-Year Period of Limitation

Respondent's motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi,* 562 U.S. 545, 550 (2011) (citing 28 U.S.C.

4

§ 2244(d)(1)). The period of limitation runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

"The limitation period is tolled, however, during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 562 U.S. at 550–51 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that the State created an impediment to filing a timely petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B)–(D). Therefore, the applicable subsection here is § 2244(d)(1)(A). Under this subsection, "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for the writ of certiorari to review a judgment entered by a state court of last resort must be filed within 90 days of entry of the judgment. Sup. Ct. R. 13.1.

Petitioner did not apply for a writ of certiorari in the Supreme Court following direct review of his convictions and sentences. Therefore, under AEDPA, his convictions became final on January 26, 2015, 90 days after

October 28, 2014, when the Michigan Supreme Court denied leave to appeal on direct review. *Gonzalez*, 565 U.S. at 150; *Jimenez*, 555 U.S. at 119; *Holbrook v. Curtin*, 833 F.3d 612, 613 (6th Cir. 2016), *cert. denied sub nom. Woods v. Holbrook*, 137 S. Ct. 1436 (2017).

The statute of limitations began to run on the following day: January 27, 2015. *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002); Fed. R. Civ. P. 6(a)(1). It ran uninterrupted for 310 days, that is, until December 3, 2015, when Petitioner filed his motion for relief from judgment in the state trial court.

Although Petitioner filed his first habeas corpus petition during the span of that 310 days, the petition did not affect the limitation period because a federal habeas corpus petition "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). As a result, the limitation period is not tolled under § 2244(d)(2) during the pendency of a habeas petitioner's first petition. *Id*. at 181–82. Tolling under § 2244(d)(2) occurs only during the pendency of *state* proceedings, not *federal* proceedings. *Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2002).

The limitation period was tolled for the entire time that Petitioner's motion for relief from judgment was pending in state court. *See Carey v.*

*Saffold*, 536 U.S. 214, 219–20 (2002) (stating "that an application is pending [for purposes of 28 U.S.C. § 2244(d)(2)] as long as the ordinary state collateral review process is 'in continuance,'" *i.e.,* "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'").

On October 3, 2017, the Michigan Supreme Court denied leave to appeal the trial court's denial of Petitioner's motion for relief from judgment. This concluded the state courts' collateral review of Petitioner's convictions.

The limitation period resumed running on October 4, 2017. At that point, Petitioner had 55 more days, or until November 28, 2017, to file his habeas petition. He did not sign his habeas petition until December 7, 2017. As such, his petition was 9 days late.

Petitioner contends that the statute of limitations did not begin to run until October 3, 2017, the date of the last state-court decision in his case, or 90 days later. But this contention fails to acknowledge that the statute also ran from January 27, 2015—the day after Petitioner's convictions became final under 28 U.S.C. § 2244(d)(1)—to December 3, 2015, when Petitioner filed his motion for relief from judgment.

8

Petitioner also misconstrues the law when he claims that the statute of limitations was tolled for 90 days after the Michigan Supreme Court's decision on state collateral review. The Supreme Court has made clear that the limitation period is not tolled during the time that a habeas petitioner could have appealed to the United States Supreme Court following the conclusion of state *postconviction* review. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007). Instead, the statute of limitations does not run only for United States Supreme Court review of *direct* appeal of a conviction. *Id.* at 333.

Finally, Petitioner misinterprets Michigan's mailbox rule. Although he contends that it applies to state motions for relief from judgment, it applies only to appeals and applications for leave to appeal, not to postconviction motions filed in state court. *See* Staff Comment to the 2010 Amendment following Mich. Ct. R. 7.105; *see also* Mich. Ct. R. 7.204(A)(2)(e) and the Staff Comment to the 2010 Amendment; Mich. Ct. R. 7.205 (A)(3) and the Staff Comment to the 2010 Amendment; and Mich. Ct. R. 7.305(C)(5). The Sixth Circuit Court of Appeals has declined to apply the federal mailbox rule to state postconviction motions where state law does not. *Vroman v. Brigano*, 346 F.3d 598, 603–04 (6th Cir. 2003). This Court, therefore, cannot apply Michigan's prison mailbox rule to Petitioner's motion for relief from judgment. The motion was filed on

9

December 3, 2015, not on November 12, 2015, when Petitioner signed the motion.

## B. Exceptions to AEDPA's Limitation Period

### 1. Equitable Tolling

AEDPA's statutory limitation period is not a strict jurisdictional rule; rather, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner filed a timely petition for the writ of habeas corpus in the Western District of Michigan. However, he voluntarily dismissed that petition, and, at the time of the voluntary dismissal, the state trial court had not yet issued a decision on Petitioner's motion for relief from judgment. After the state courts concluded their review of Petitioner's post-conviction motion, Petitioner still had 55 days to file his petition in this District, and he has not shown that some extraordinary circumstance

prevented him from filing a timely petition in this District. Therefore, he is not entitled to equitable tolling of the limitation period.

### 2. Actual Innocence

The Supreme Court has held that actual innocence, if proved, may serve as a legal basis that would allow consideration of a habeas petitioner's constitutional claims despite the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court, however, has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [some] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotations omitted)).

Although Petitioner challenges the sufficiency of the evidence in his habeas petition, ECF No. 1 PageID.5, he has not presented the Court with any new evidence that was not presented at trial. Consequently, AEDPA's limitation period applies here.

While it may seem harsh to reject Petitioner's claims for being only 9 days late, the statute of limitations is a rule of law adopted by Congress with very limited exceptions that do not apply to this case. Accordingly,

the Court must grant Respondent's motion to dismiss and dismiss the petition.

## III. CERTIFICATE OF APPEALABILITY

When a federal district court issues an adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner is denied a certificate of appealability. The Court similarly denies Petitioner leave to appeal *in forma pauperis*, because an appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001) (citing *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)).

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Respondent's motion for dismissal of the petition for writ of habeas corpus, ECF No. 5, is **GRANTED** and the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED**.

Dated: January 10, 2019     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 10, 2019.

<pre>
                    s/A. Chubb
                    Case Manager
</pre>